IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW SIMARD, on behalf of himself and others similarly situated,<br>　　　　　　Plaintiff,<br>　　v.<br>ALAN KUNSMAN ROOFING AND SIDING INC.,<br>　　　　　　Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Matthew Simard ("Plaintiff") brings this lawsuit against Alan Kunsman Roofing and Siding Inc., seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while his PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit).

## JURISDICTION AND VENUE

1. Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over the PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Hellertown, PA (Northampton County).

5. Defendant is headquartered in Freemansburg, PA (Northampton County).

6. Plaintiff is an employee covered by the FLSA and PMWA.

7. Defendant is an employer covered by the FLSA and PMWA.

## FACTS

8. Defendant is a roofing and siding company with over 65 employees.

9. Most of Defendant's employees are paid an hourly wage, have no supervisory responsibilities, and perform manual labor at job sites owned by Defendant's customers. Defendant refers to such employees as "Laborers" in its Employee Handbook.

10. Plaintiff was employed by Defendant as a Laborer from around May 2016 until around May 2020. Like other Laborers, Plaintiff sometimes worked over 40 hours per week. For example, during the two-week pay period ending December 1, 2018, Plaintiff was credited with working 3.25 overtime hours.

11. Defendant maintains a shop in Northampton County and expects Plaintiff and other Laborers to arrive at the shop before heading out to the job site. The expected arrival time is generally 6:00 a.m. or 6:30 a.m. depending on the season.

12. Per Defendant's Employee Handbook, Plaintiff and other Laborers "are paid from the time they arrive at the job site until the time they leave the job site." We will call this policy the "Job-Site Pay Policy."

13. Plaintiff and other Laborers usually perform work activities at the shop before traveling to the job site. Such shop work might include, for example, loading trucks.

14. The Job-Site Pay Policy applies regardless of whether Plaintiff and other Laborers perform work activities at the shop.

15. During weeks in which Laborers work over 40 hours *at the job site*, Defendant pays them "time and one-half" overtime pay for hours worked over 40 at the job site. We will

call such weeks "Job-Site Overtime Weeks."

16. During some Job-Site Overtime Weeks, a Laborer may be paid at different straight-time hourly rates for work performed at the job site. For example, during at least one week within the 14-day pay period ending December 1, 2018, Plaintiff was paid a straight-time hourly rate of $19.00 for some of his work and a straight-time hourly rate of $46.92 for other work.

17. During Job-Site Overtime Weeks in which a Laborer is paid differing straight-time hourly rates, Defendant generally calculates the "time and one-half" overtime rate by multiplying the *lowest* straight-time rate by 1.5. For example, during at least one week within the 14-day pay period ending December 1, 2018, Plaintiff was credited with 3.25 overtime hours and paid an overtime rate of $28.50. During this week, Plaintiff's performed job-site work carrying straight-time hourly rates of $19.00 and $46.92. Yet, Defendant calculated the $28.50 overtime rate based on the lower $19.00 rate ($19.00 X 1.5 = $28.50).

18. Defendant pays Laborers bonuses for "complet[ing] a job in fewer hours than the job is budgeted for." These bonuses are non-discretionary and are determined based on objective rules described in the Employee Handbook.

19. Defendant pays Laborers bonuses for instances in which the job site is located over 45 miles (to the best of Plaintiff's current recollection) away from the shop.

20. The bonuses referenced in paragraphs 18-19 above do not have any impact on the "regular rate" that Defendant utilizes in determining the overtime pay owed to Plaintiff and other Laborers during Job-Site Overtime Weeks.

## CLASS/COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C.

§216(b) and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23.  He sues on behalf of all Laborers employed by Defendants during any week within the past three years.

22. Plaintiff's FLSA claim should proceed as a collective action because he and other putative collective members, having worked pursuant to the common timekeeping and compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

23. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

24. The class, upon information and belief, includes over 100 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members is impracticable.

25. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

27. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common timekeeping and compensation policies, as described herein.  The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual

class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging FLSA Violations)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The FLSA requires that employees receive overtime premium compensation "not less than one and one-half times" their regular pay rate for hours worked over 40 per week. *See* 29 U.S.C. § 207(a)(1).

31. In determining the overtime pay owed to Plaintiff and other collective members, Defendant violated the FLSA by: (i) limiting credited hours to those incurred at the job site; (ii) failing to calculate overtime based on a weighted average rate during weeks in which an employee is paid at two or more different straight-time rates; and (iii) failing to include (either contemporaneously or retroactively) non-discretionary bonus payments in calculating overtime rates for weeks in which such bonus payments were earned.

32. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

33. All previous paragraphs are incorporated as though fully set forth herein.

34. The PMWA requires that employees receive overtime premium compensation "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

35. In determining the overtime pay owed to Plaintiff and other collective members, Defendant violated the FLSA by: (i) limiting credited hours to those incurred at the job site; (ii)

failing to calculate overtime based on a weighted average rate during weeks in which an employee is paid at two or more different straight-time rates; and (iii) failing to include (either contemporaneously or retroactively) non-discretionary bonus payments in calculating overtime rates for weeks in which such bonus payments were earned.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A.  Unpaid overtime wages and prejudgment interest;

B.  Liquidated damages to the fullest extent permitted under the FLSA;

C.  Litigation costs, expenses, and attorneys' fees; and

D.  Such other and further relief as the Court deems just and proper.

Date: July 9, 2020

Respectfully,

*/s/ Peter Winebrake*

Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

*Plaintiff's Counsel*

6

## **CONSENT TO BECOME PARTY PLAINTIFF**

I hereby consent, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to become a party plaintiff in the accompanying FLSA action. I understand that I will be bound by the judgment of the Court on all issues in this case.

_____
Signature

Matthew Simard
_____
Print Name