IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW SIMARD, on behalf of himself and others similarly situated,<br>　　　　　　　Plaintiff,<br>v.<br>ALAN KUNSMAN ROOFING AND SIDING INC.,<br>　　　　　　　Defendant. | 5:20-cv-03366-EGS |

## ORDER

AND NOW, this 28th day of June, 2021, the parties having reach a settlement in this matter; and the Court having held a telephone conference with counsel for the parties on June 28, 2021 during which counsel recited the essential terms of the agreement and all counsel acknowledged that the proposed settlement constitutes a fair and reasonable compromise of a bona fide dispute;[1] accordingly, it is hereby **ORDERED** as follows:

1. The court **APPROVES** the parties' settlement and the settlement funds shall be

---

[1] Parties may settle claims brought pursuant to the Fair Labor Standards Act if the district court approves the settlement pursuant to 29 U.S.C. § 216(b). Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the case to which district courts in this circuit look to in the absence of Third Circuit precedent on this issue, when parties present a proposed settlement "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012) (quoting *Lynn's Food*, 679 F.2d at 1354). "If the Court determines that the settlement concerns a 'bona fide dispute,' it will conduct a two-part fairness inquiry to ensure that (1) the settlement is fair and reasonable for the employee(s) and (2) the agreement furthers the FLSA's implementation in the workplace." *Howard v. Philadelphia Haus. Auth.*, 197 F. Supp. 3d 773, 777 (E.D. Pa. 2016) (citations omitted). The court finds that the proposed settlement agreement in this case reflects a fair and reasonable compromise of a bona fide dispute and does not frustrate the implementation of the Fair Labor Standards Act in the workplace.

distributed in accordance with the settlement agreement;

    2.    This matter is **DISMISSED WITH PREJUDICE**;

    3.    The court shall retain jurisdiction over this matter until all payments are made by Defendant pursuant to the parties' agreement; and

    4.    The clerk of court shall mark this matter as **CLOSED**.

BY THE COURT:

_____
EDWARD G. SMITH, J.